1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JOVAN R. GUILLORY,                      Case No.: 1:22-cv-01336-JLT-SKO (PC)

12                 Plaintiff,                  **FINDINGS AND RECOMMENDATIONS TO
                                               DISMISS CERTAIN CLAIMS AND
13          v.                                 DEFENDANTS FOLLOWING SCREENING
                                               OF PLAINTIFF'S SECOND AMENDED
14    CHRISTIAN PFEIFFER, et al.,              COMPLAINT**

15                 Defendants.                 **14-DAY OBJECTION DEADLINE**

16

17          Plaintiff Jovan R. Guillory is proceeding pro se and *in forma pauperis* in this civil rights

18    action pursuant to 42 U.S.C. § 1983.

19          **I.      INTRODUCTION**

20          On April 16, 2024, the Court issued its Second Screening Order, finding Plaintiff had

21    failed to state a claim upon which relief could be granted. (Doc. 15.) Plaintiff was directed to do

22    one of the following: (1) notify the Court in writing that he did not wish to file a second amended

23    complaint and was willing to proceed only on the Eighth Amendment excessive force claim

24    against Defendant Alcantar; *or* (2) file a second amended complaint curing the deficiencies

25    identified by the Court; *or* (3) file a notice of voluntary dismissal. (*Id*. at 15.)

26          Following an extension of time, on May 20, 2024, Plaintiff filed a second amended

27    complaint. (Doc. 18.)

28

1    On August 18, 2025, Plaintiff filed a document titled "Motion: To Proceed with the

2    Applauded Funds Against CO Alcantar, 'Eight Amendment Excessive Force Claim.'" (Doc. 19.)

3    **II.     SCREENING REQUIREMENT**

4    The Court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

6    The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious,

7    fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

8    who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

9    it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

10   theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

11   **III.    PLEADING REQUIREMENTS**

12   **A.  Federal Rule of Civil Procedure 8(a)**

13   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

14   exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain

15   "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R.

16   Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

17   plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

18   quotation marks & citation omitted).

19   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

20   cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

21   U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

22   set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

23   *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal

24   conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

25   The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

26   any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

27   liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal

28   theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation

2

1    of a civil rights complaint may not supply essential elements of the claim that were not initially

2    pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

3    quotation marks & citation omitted), and courts "are not required to indulge unwarranted

4    inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

5    marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

6    sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's

7    liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

8                          **B. Linkage and Causation**

9          Section 1983 provides a cause of action for the violation of constitutional or other federal

10   rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

11   section 1983, a plaintiff must show a causal connection or link between the actions of the

12   defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,

13   423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

14   deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

15   act, participates in another's affirmative acts, or omits to perform an act which he is legal required

16   to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740,

17   743 (9th Cir. 1978) (citation omitted).

18                          **C. Supervisory Liability**

19         Liability may not be imposed on supervisory personnel for the actions or omissions of

20   their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g.,*

21   *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to

22   adduce evidence the named supervisory defendants "themselves acted or failed to act

23   unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v.*

24   *C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934

25   (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section

26   1983 there must be a showing of personal participation in the alleged rights deprivation: there is

27   no respondeat superior liability under section 1983").

28         Supervisors may be held liable only if they "participated in or directed the violations, or

                                              3

1    knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th

2    Cir. 1989). "The requisite causal connection may be established when an official sets in motion a

3    'series of acts by others which the actor knows or reasonably should know would cause others to

4    inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Accord

5    *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on

6    inaction in the training and supervision of subordinates).

7         Supervisory liability may also exist without any personal participation if the official

8    implemented "a policy so deficient that the policy itself is a repudiation of the constitutional

9    rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942

10    F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other

11    grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

12         To prove liability for an action or policy, the plaintiff "must ... demonstrate that his

13    deprivation resulted from an official policy or custom established by a ... policymaker possessed

14    with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d

15    707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between

16    such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.

17    Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the

18    involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v.

19    Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

20         **IV.    DISCUSSION**

21              **A.  Plaintiff's Second Amended Complaint**

22         Plaintiff names Correctional Officer J. Alcantar, Correctional Lieutenant N. Montanez,

23    Associate Warden E. Stark, and Warden Christian Pfeiffer, employed at Kern Valley State Prison,

24    as defendants in this action. (Doc. 18 at 1-2.) He seeks monetary damages, attorney's fees[1] and

25    costs of suit. (*Id*. at 9-10.)

26

27    ──────────────

28    [1] Plaintiff, who is proceeding pro se, is not entitled to attorney's fees.  *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

4

### B. Plaintiff's Claims

### Claim One

Plaintiff's first claim is titled "Eighth and Fourteenth Excessive Use of Force/Retaliation Deliberate Indifference Violation(s)." (Doc. 18 at 3.) The Court construes Plaintiff's claim to assert Eighth Amendment excessive force claims against all named defendants.

### Factual Allegations

Plaintiff contends that on March 21, 2020, he engaged in an exchange of derogatory or profane words with an unidentified individual or individuals before being allowed to proceed to his assigned building following a medical appointment. (Doc. 18 at 3.) Later that evening, Defendant Alcantar, a "gun-tower control official," released Inmate Barnett from the upper tier of the building. (*Id.* at 4.) When Barnett descended to the lower tier where Plaintiff is housed, Barrett assaulted him without warning. (*Id.*) Plaintiff contends a fist fight ensued although he "was not the aggressor," and he was shot in the "in his eye, face/head" by Alcantar. (*Id.*) Plaintiff states that Alcantar "orchestrated the physical altercation" between him and Barnett, and Alcantar "directly, overtly/covertly, actively participated in the assault/attack" by discharging a round from his weapon. (*Id.* at 3-4.)

Plaintiff received outside medical treatment for "severe facial and structural damage of the eyes and forehead." (Doc. 18 at 4.) Plaintiff suffers from excruciating and debilitating headaches, cognitive disorientation, trauma and PTSD. (*Id.*) Plaintiff further contends Defendants Pfeiffer and Stark are directly responsible "for the post-duty assignments of correctional custody staff … under California Code of Regulation section 3380." (*Id.*) He also contends "John Doe 1,"[2] a "correctional custody supervisor," and Defendant Montanez "were instrumental in the treatment, training and discipline, of all under such assignment." (*Id.*)

### Plaintiff States an Excessive Force Claim Against Defendant Alcantar

"[T]he unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328

---

[2] Plaintiff did not name any "John Doe" or "Jane Doe" as a defendant in his second amended complaint. (*See* Doc. 18 at 1-2.)

(1986) (internal quotation marks & citation omitted). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks & citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the absence of serious injury is not determinative. *Id.*

Liberally construing the second amended complaint and accepting all facts as true, Plaintiff states a cognizable Eighth Amendment excessive force claim against Defendant Alcantar. Plaintiff contends Alcantar orchestrated the physical altercation between he and Barnett, inferring Alcantar's use of force in deploying his weapon was excessive and unnecessary, for the purpose of causing harm, and in the absence of a good faith effort to maintain security. *Hudson*, 503 U.S. at 6-7; *Hoard*, 904 F.3d at 788.  Here, even liberally construing the second amended complaint and accepting all facts as true, Plaintiff fails to state a claim against any other named defendant.

First, while Plaintiff contends Defendants Pfeiffer, Stark, and Montanez are liable for Alcantar's actions, he fails to allege sufficient facts to demonstrate those individuals participated

1    in or directed the violation, or knew of and failed to prevent it. *Taylor*, 880 F.2d at 1045. Plaintiff

2    also fails to sufficiently demonstrate a causal link concerning the constitutional deprivation was

3    the result of any official policy or custom. *Waggy*, 594 F.3d at 713; *Fayle*, 607 F.2d at 862.

4    Plaintiff's vague and conclusory allegations are insufficient to state a claim against these

5    individuals. *Ivey*, 673 F.2d at 268. Plaintiff also failed to name "John Doe" as a defendant in his

6    second amended complaint.

7        To the extent Plaintiff intended to assert an Eighth Amendment failure to train claim

8    against any named supervisory defendant, he again, fails to do so. *See Clement v. Gomez*, 298

9    F.3d 898, 905 (9th Cir. 2002) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989));

10   *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998); *Connick v. Thompson*, 563 U.S. 51, 62

11   (2011). Vague and conclusory references are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

12   As the Court found in its Second Screening Order, Plaintiff fails to plausibly allege any failure to

13   train claims. *Waggy*, 594 F.3d at 713; *Fayle*, 607 F.2d at 862; *Ivey*, 673 F.2d at 268. Further, it is

14   clear Plaintiff is unable to cure the previously identified deficiencies concerning this claim.

15   Therefore, granting Plaintiff further leave to amend would be futile. *Hartman v. CDCR*, 707 F.3d

16   1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave

17   to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

18       In sum, Plaintiff states a plausible Eighth Amendment excessive force claim against

19   Defendant Alcantar only and the Court will recommend this action proceed on Plaintiff's

20   excessive force claim only against Defendant Alcantar.[3]

21                           **Claim Two**

22       Plaintiff's second claim is titled "Eighth and Fourteenth Amendment Deliberate

23   Indifference." (Doc. 18 at 6.) The Court construes Plaintiff's second cause of action to assert

24   Eighth Amendment deliberate indifference to serious medical needs.

25                       **Factual Allegations**

26       Plaintiff contends he was shot in the "face head/eye" during a coordinated attack by

27   _____

28   [3] This recommendation appears to satisfy Plaintiff's August 18, 2025, request to proceed on his Eighth
     Amendment excessive force claim against Alcantar. (*See* Doc. 19.)

                                  7

Defendant Alcantar. (Doc. 18 at 6.) When Plaintiff returned from the hospital "with a number of bandages and head/eye dressings," he was to have follow-up and after care appointments "that caused the Plaintiff to need some reconstructive facial and eye [surgical] procedures." (*Id.*) But the appointments "never took place and/or were cancel/set aside due to the" pandemic, as Plaintiff was advised by medical personnel "John Doe 2 and Jane Doe 1." (*Id.*)

Plaintiff states he "suffered bone fractures, deformities, ecchymosis over the eye, headaches, blurred vision, sleep deprivation/psychological trauma" that persists. (Doc. 18 at 6.) Plaintiff contends he was "untreated" by "John Doe 4 and mental health Jane Doe 4 personnel" and "laid dormant for a long period of time" without treatment. (*Id.* at 6-7.) Appointments – both inside and outside the facility – were "disregarded or missed altogether," including consultations with plastic surgeons and ophthalmologists. (*Id.* at 7.) Despite numerous health care grievances, "John Doe 4" continues "deny outside medical consultation." (*Id.*)

### Plaintiff Fails to State a Deliberate Indifference Claim

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or

treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation & internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain").

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference

based on delay in treatment must show delay led to further injury).

Liberally construing the second amended complaint and accepting all facts as true, Plaintiff fails to allege a cognizable deliberate indifference to serious medical needs claim against any defendant. Plaintiff meets the first prong of the deliberate indifference test by asserting he continues to suffer from the injuries he sustained after the March 21, 2020, incident. *Colwell*, 763 F.3d at 1066. Plaintiff, however, fails to meet the second prong of the deliberate indifference test. Significantly, Plaintiff has not named any "John Doe" or "Jane Doe" defendant in his second amended complaint. (*See* Doc. 18 at 1-2; *see also* fn. 2, *ante*.) Additionally, while Plaintiff alleges these individuals failed to respond to his pain and medical need, he again fails to allege any facts establishing that the harm was caused by indifference. *Wilhelm*, 680 F.3d at 1122. Plaintiff's assertions are broad, vague, and conclusory and insufficient to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678; *Swierkiewicz*, 534 U.S. at 512.

In sum, Plaintiff fails to allege plausible Eighth Amendment deliberate indifference to serious medical needs claims. Because Plaintiff's second amended complaint is deficient for the same or similar reasons as those set forth in the Court's prior screening order (Doc. 15 at 11-14), and because Plaintiff has failed to remedy those deficiencies, Plaintiff cannot cure his pleadings and, thus, that leave to amend would be futile. *See Hartman*, 707 F.3d at 1129-30. Therefore, the Court will recommend dismissal of this claim.

### Claim Three

Plaintiff's third claim for relief is titled "First, Fifth, Eighth and Fourteenth Amendment Due Process Deliberate Indifference." (Doc. 18 at 8.) The Court construes Plaintiff's claim to assert a due process violation under the Fourteenth Amendment.

### Factual Allegations

Plaintiff states he was found guilty of a disciplinary violation following the incident involving Alcantar by Defendant Montanez. (Doc. 18 at 8.) He states Montanez "is not only the program institutional prison facility lieutenant but the [supervisor] of" Alcantar and that "it was fitting that" he "would find the Plaintiff guilty of a rule infraction." (*Id.*) Plaintiff contends that as a result, he suffered the loss of good time credits. (*Id.*)

**Plaintiff Fails to Allege a Due Process Violation**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. Confrontation and cross examination are not generally required.  *Id.* at 567. As long as the five minimum *Wolff* requirements are met, due process has been satisfied.  *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense). The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." *Ponte v.*

*Real*, 471 U.S. 491, 495 (1985); *see also Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996); *Koenig*, 971 F.2d at 423; *Zimmerlee v. Keeney*, 831 F.2d 183, 187-88 (9th Cir. 1987) (per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board ...." *Hill*, 472 U.S. at 455; *see also Touissaint v. McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989); *Jancsek, III v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987); *see especially Burnsworth v. Gunderson*, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.) The relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached ….as [t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill* at 455-57.

Liberally construing the second amended complaint and accepting all facts as true, Plaintiff fails to allege a due process violation. As found in the Court's first and second screening orders, Plaintiff fails to allege that the minimum procedural requirements were not met during the disciplinary proceeding. Plaintiff alleges no facts to indicate any of the *Wolff* factors were not met. *Wolff*, 418 U.S. at 563-71; *Walker*, 14 F.3d 1415, 1420 (9th Cir. 1994). Additionally, as previously noted in the Court's prior screening orders, there is "some evidence [that] supports the decision by the prison disciplinary board ...." *Hill*, 472 U.S. at 455.

Because Plaintiff's second amended complaint is deficient for the same reasons set forth in the Court's prior screening orders (Doc. 11 at 7-8 & Doc. 15 at 8-10), and Plaintiff has again failed to remedy those deficiencies, Plaintiff cannot cure his pleadings and leave to amend would be futile. *See Hartman*, 707 F.3d at 1129-30. Thus, the Court will recommend dismissal of this claim.

### C. Screening Summary

For the foregoing reasons, the Court will recommend this action proceed only on Plaintiff's Eighth Amendment excessive force claim against Defendant Alcantar, all other claims and defendants to be dismissed.

1      **V.      ORDER AND RECOMMENDATION**

2            This Court **HEREBY ORDERS** the Clerk of the Court to terminate from the docket "J.

3      Montecino" and "C. Xiaddle" as those individuals are not named in Plaintiff's second amended

4      complaint.[4]

5            For the reasons stated above, the Court **HEREBY RECOMMENDS** that:

6                  1.      This action **PROCEED** *only* on Plaintiff's Eighth Amendment excessive

7                          force claim against Defendant Alcantar;

8                  2.      Any remaining claims in the second amended complaint be **DISMISSED**;

9                          and

10                 3.      Named defendants Christian Pfeiffer, E. Stark, and N. Montanez be

11                         **DISMISSED** from the action.

12           These Findings and Recommendations will be submitted to the United States District

13     Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

14     after being served with a copy of these Findings and Recommendations, a party may file written

15     objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

16     Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages**

17     without leave of Court and good cause shown. The Court will not consider exhibits attached to

18     the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference

19     the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

20     reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation

21     may be disregarded by the District Judge when reviewing these Findings and Recommendations

22     under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

23     //

24     //

25     //

26     //

27     ───────────────

[4] No "John Doe" or "Jane Doe" appears on the docket for this action.

28                                                    13

may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 22, 2025**                                   */s/ Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE

14